IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DEBRA SHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-6114-SSA-CV-SJ-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Debra Shea seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on November 28, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Discussion

Plaintiff was born in 1956 and was 51 years of age on the alleged disability date of February 4, 2008. Plaintiff alleges disability due to numerous physical and mental impairments, but she only appeals the Administrative Law Judge's assessment of her mental limitations.

The Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairment of affective disorder. The ALJ considered this limitation in plaintiff's residual

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

functional capacity (RFC), and limited plaintiff to simple, routine, repetitive work that did not require independent judgment.

Plaintiff alleges the ALJ erred in the weight given to the medical opinions and in discounting plaintiff's credibility. The Commissioner argues that the ALJ gave proper weight to the medical opinions and properly discounted plaintiff's credibility, and that the ALJ's decision was based on substantial evidence in the record as a whole.

<u>Medical Opinions</u>

Upon review, this Court finds that the ALJ did not err in discounting the opinion of plaintiff's treating psychologist, Dr. Purohit, and giving substantial weight to the opinion of consulting doctor, Dr. Winkler. An ALJ is entitled to discount the opinion of the treating physician when that opinion is conclusory or inconsistent with the evidence of record. <u>Samons v. Astrue</u>, 497 F.3d 813, 818 (8th Cir. 2007). Here, the ALJ properly discussed reasons for giving little weight to the opinion of Dr. Purohit, noting, specifically, that Dr. Purohit's opinions were inconsistent with the weight of the evidence and his own medical treatment records. The ALJ specifically noted that Dr. Purohit's opinion failed to discuss evidence which reflected that plaintiff's mental health impairments improved with medication, and that plaintiff was not being fully compliant with her medications, thereby exacerbating her mental health problems. <u>See Pirtle v. Astrue</u>, 479 F.3d 931, 933 (8th Cir. 2007) ("When a treating physician's notes are inconsistent with his or her assessment, we decline to give controlling weight to the [RFC] assessment."). <u>See also</u> <u>Wildman v. Astrue</u>, 596 F.3d 959, 964 (8th Cir. 2010) (holding that the treating physician's opinion that the claimant's abdominal flares were disabling did not account for evidence showing that the flares were precipitated by claimant's failure to comply with her prescribed diet and medication and to abstain from drugs and alcohol).

As for Dr. Winkler, the regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(f). Having determined that Dr. Purohit's opinion was inconsistent with substantial evidence in the record, including his own treatment records, the ALJ was clearly authorized to consider the opinions of other physicians. <u>Hacker v. Barnhart</u>, 459 F.3d 934, 939 (8th Cir. 2006). <u>See also</u> <u>Wagner v. Astrue</u>, 499 F.3d 842, 849 (8th Cir. 2007). Here, the ALJ reviewed the evidence in the record, determined the opinion of the consulting doctor was consistent with the totality of the evidence in the record, and therefore,

2

afforded these opinions substantial weight. The Court finds no basis for concluding the ALJ committed reversible error by giving undue weight to the opinions of the consulting doctor.

Credibility

The ALJ also did not err in assessing plaintiff's credibility. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Here, the ALJ gave good reasons for her credibility findings. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence). The ALJ cited evidence in the record showing plaintiff had only conservative treatment; she had improvement when she took her medication; and she had a wide range of daily living activities which were inconsistent with her suffering from a disabling mental health condition.

**Conclusion**

Here, even though there is evidence that can be marshaled in support of a different outcome, this Court finds there is substantial evidence to support the decision of the ALJ and, therefore, the decision of the commissioner is affirmed.[2] England v. Astrue, 490 F.3d 1017, 1019 (8th Cir. 2007) ("If substantial evidence supports the decision, we will not reverse, even if substantial evidence could have been marshaled in support of a different outcome.").

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 2nd day of January, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of her appeal which were not specifically addressed in this order have been fully considered by this Court and are denied. There is substantial evidence to support the decision of the ALJ.

3